[Cite as *McClain v. State*, 2019-Ohio-1318.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| ANTHONY MCCLAIN, | : | APPEAL NO. C-180082 |
| | | TRIAL NO. A-1604385 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| STATE OF OHIO, | : | |
| Defendant-Appellee. | : | |


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  April 10, 2019


*Koenig & Long, LLC*, and *James D. Owen*, for Plaintiff-Appellant,

*Dave Yost*, Ohio Attorney General, and *Byron D. Turner*, Assistant Attorney General, for Defendant-Appellee.

Per Curiam.

{¶1}   Plaintiff-appellant Anthony McClain appeals the trial court's judgment denying his motion to vacate.  For the reasons stated below, we reverse the trial court's judgment.

{¶2}   McClain sued the state of Ohio in 2008.  He voluntarily dismissed his complaint in 2010, and refiled it in 2011 in Franklin County, Ohio.  In August 2016, the venue of the case was transferred to Hamilton County, Ohio.  The record demonstrates that in September 2016, McClain's counsel acknowledged the transfer and completed a notification form indicating his current address.  In November 2016, the trial court dismissed McClain's case, on its own motion, under Civ.R. 41(B)(1) for failure to prosecute.  After learning of the dismissal, McClain moved to vacate the court's judgment of dismissal under Civ.R. 60(B).  The trial court overruled that motion, and McClain appealed.

{¶3}   In his single assignment of error, McClain argues that the trial court erred by overruling his motion to vacate.  We are constrained to agree under the authority of *Svoboda v. City of Brunswick*, 6 Ohio St.3d 348, 453 N.E.2d 648 (1983).  In *Svoboda*, the Ohio Supreme Court held that because the trial court lacked authority to dismiss the underlying action under Civ.R. 41(B)(1), it had erred by denying Svoboda's Civ.R. 60(B) motion to vacate the judgment of dismissal.  The *Svoboda* court noted that when a court proceeds, on its own motion, under Civ.R. 41(B)(1) to dismiss a case for failure to prosecute, it can do so only "after notice to the plaintiff's counsel or to plaintiff."  No such notice was provided by the trial court in *Svoboda*.  *Id.* at 350.

{¶4}   Similarly, there is nothing in our record demonstrating that McClain or his counsel was given notice, prior to dismissal, that McClain's action would be

dismissed for failure to prosecute. Therefore, because the notice required under Civ.R. 41(B)(1) was not given to McClain or his counsel, the court did not have the authority to dismiss McClain's lawsuit. Because the trial court lacked authority to dismiss the lawsuit, it erred in overruling McClain's motion to vacate the judgment of dismissal. *See Svoboda* at 351. The single assignment of error is sustained.

{¶5} Accordingly, the judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion and the law.

Judgment reversed and cause remanded.

**MOCK, P.J., ZAYAS** and **MYERS, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.