[Cite as *McKinzie v. Fry*, 2022-Ohio-2292.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Ronald W. McKinzie, II                          Court of Appeals No.  L-21-1188

    Appellant                                   Trial Court No.  AD 21283174

v.

Rebecca Fry                                     **DECISION AND JUDGMENT**

    Appellee                                    Decided:  June 30, 2022

* * * * *

Ronald W. McKinzie, II, Pro se.

Alan J. Lehenbauer, for appellee.

* * * * *

**MAYLE, J.**

{¶ 1} Plaintiff-appellant, Ronald W. McKinzie, II, appeals the September 9, 2021 judgment of the Lucas County Court of Common Pleas, Juvenile Division, denying his motion to set aside magistrate's interim order, and granting the motion for relief from

judgment of paternity, filed by defendant-appellee, Rebecca Fry. For the following reasons, we affirm the trial court judgment.

## I.    Background

{¶ 2} Rebecca Fry is the biological mother of L.L.M., born in January of 2020. Ronald McKinzie is identified on the child's birth certificate as L.L.M.'s father. On February 4, 2020, Fry and McKinzie also signed an Acknowledgment of Paternity Affidavit, again identifying McKinzie as the natural father of the child.

{¶ 3} On February 17, 2021, McKinzie filed a complaint for the allocation of parental rights and responsibilities, requesting that he be designated the child's residential parent and legal custodian. In an order journalized on April 15, 2021, the magistrate awarded temporary legal custody to McKinzie and suspended Fry's parenting time.

{¶ 4} On May 14, 2021, Fry filed a motion for relief from paternity judgment under R.C. 3119.961 and requested genetic tests. She asserted that McKinzie is not the biological father of L.L.M. She recognized that under R.C. 3111.25, an acknowledgment of paternity becomes final and enforceable when the acknowledgment has been entered into the birth registry and the period for rescission has passed. She also recognized that under R.C. 3111.27, the rescission period is 60 days, and under R.C. 3111.28, the period for bringing an action to rescind an acknowledgment of paternity based on fraud, duress, or material mistake of fact is one year. Fry conceded that she did not seek to rescind the acknowledgment of paternity within the 60-day or one-year periods, however, she

2.

claimed that she could seek relief from the final acknowledgment of paternity in a court action under R.C. 3119.96 through 3119.967, and specifically R.C. 3119.962. R.C. 3119.962(A)(1) provides that "[u]pon the filing of a motion for relief under section [R.C.] 3119.961 , a court shall grant relief from a final judgment, court order, or administrative determination or order that determines that a person * * * is the father of a child * * * if all of the following apply":

> (a) The court receives genetic test results from a genetic test administered no more than six months prior to the filing of the motion for relief that finds that there is a zero per cent probability that the person * * * is the father of the child.

> (b) The person * * * has not adopted the child.

> (c) The child was not conceived as a result of artificial insemination in compliance with sections 3111.88 to 3111.96 of the Revised Code.

{¶ 5} McKinzie opposed Fry's motion. He contended that R.C. 3119.962 allows only persons found to be the "father of a child" to challenge a final judgment, court order, or administrative determination or order that determines that a person is the father of a child. He insisted that the statute "is not a mechanism for biological mothers to belatedly attack a judgment which may be based on an error that she may have induced * * * or for which she is actively responsible" due to deceit. McKinzie further maintained that under R.C. 3119.962(B), if a person knows that he is not the natural father of a child but

3.

nonetheless signs an acknowledgment of paternity that becomes final, a court shall not grant relief from a paternity judgment. He contended that any error as to paternity was invited by Fry.

{¶ 6} Fry reiterated her claim that her motion was authorized under R.C. 3119.96 et seq. She explained that she was claiming that McKinzie inappropriately pressured her to sign the acknowledgment of paternity. She maintained that even if her action was not authorized under R.C. 3119.961 and 3119.962, it was nevertheless timely under R.C. 3111.28 because (1) McKinzie's filing of his complaint tolled the statute of limitations for Fry's rescission action, and (2) the Ohio Supreme Court's March 27, 2020 Covid-19 tolling order (03/27/2020 Administrative Actions, 2020-Ohio-1166) and the tolling order set forth in Am. Sub. H.B. 197 (collectively, "the emergency tolling orders") operated to toll the one-year limitations period and extend the time within which she could seek to rescind the acknowledgment of paternity on the basis of duress.[1] Alternatively, Fry asked the court to treat her motion as a request for relief from judgment under Civ.R. 60(B)(5). She also argued that R.C. 3119.961 violates the equal protection clause because it grants to unwed fathers an additional means by which to avoid a final and enforceable determination of paternity not provided to unwed mothers.

---

[1] The Ohio Supreme Court's March 27, 2020 Covid-19 tolling order tolled the time requirements established by Supreme Court-promulgated rules, while Am. Sub. H.B. 197 tolled statutory requirements.

{¶ 7} The magistrate was persuaded by Fry's claim that the emergency tolling orders tolled the period within which she was required to bring an action to rescind the acknowledgment of paternity. In an order dated June 8, 2021, the magistrate found that the tolling period added an additional 143 days for Fry to seek a remedy, thus her motion was timely under R.C. 3111.28. The magistrate also ordered genetic testing.

{¶ 8} McKinzie moved to set aside the magistrate's order under Civ.R. 53(D)(2)(b). He argued that the magistrate misinterpreted and misapplied the emergency tolling orders. He claimed that the orders tolled only the time requirements set to expire during the emergency period between March 9, 2020, and July 30, 2020; time requirements set to expire after the emergency period were not tolled. McKinzie insisted that because the time period for bringing an action to rescind the acknowledgment of paternity was not set to expire during the tolling period—rather, it would expire April 4, 2021 (one year after the acknowledgment became final)—the emergency tolling orders did not apply to toll the limitations period.

{¶ 9} Fry amended her answer and counterclaims. She also filed a motion for relief from paternity judgment under Civ.R. 60(B)(5). She argued that assuming the acknowledgment of paternity was a final judgment, she should be relieved from that judgment because (1) McKinzie is not the biological father of the child; (2) she signed the acknowledgment involuntarily because McKinzie asserted inappropriate pressure; (3) she has substantial grounds for relief because she is precluded from any other legal

5.

remedy because the one-year period for rescission under R.C. 3111.28 purportedly expired on April 4, 2021, and R.C. 3119.961 and 3119.962 allow only putative fathers to challenge a prior finding of paternity outside the parameters of Civ.R. 60(B); (4) at least one court has held that R.C. 3119.961 presents a ground for relief that qualifies under the catch-all provision of Civ.R. 60(B)(5); and (5) Fry filed her motion for relief from paternity within a reasonable time—only five-and-a-half weeks after the one-year period for rescission expired under R.C. 3111.28, while McKinzie's action for parental rights was still active and pending.

{¶ 10} McKinzie opposed Fry's Civ.R. 60(B) motion and asked that it be stricken. He argued that the court had not yet ruled that the acknowledgment of paternity was final, therefore, the Civ.R. 60(B) motion is premature and seeks an advisory opinion.

{¶ 11} Genetic testing confirmed that McKinzie is not L.L.M.'s biological father. The results of the genetic tests were filed in the juvenile court on August 19, 2021,

{¶ 12} On September 9, 2021, the trial court issued a judgment on McKinzie's motion to set aside the magistrate's June 9, 2021 order and on Fry's motion for relief from paternity judgment under Civ.R. 60(B). The court agreed with McKinzie that the magistrate incorrectly concluded that the emergency tolling orders extended the time within which Fry could bring an action to rescind the acknowledgment of paternity under R.C. 3111.28. The court also agreed that R.C. 3119.961 can be invoked only by the acknowledged father of the child and not by the mother. Nevertheless, the trial court

6.

emphasized that it could not ignore the fact that McKinzie was determined not to be the child's biological father. It, therefore, held that that "in the interest of equity, with the legitimate genetic test results in mind, and no other clear remedy available to [Fry]," it is appropriate under Civ.R. 60(B) to relieve Fry of McKinzie's binding paternity acknowledgment. It granted Fry's motion for relief from paternity judgment under Civ.R. 60(B)(5), affirmed the genetic test results, and denied as moot McKinzie's motion to set aside the magistrate's order.

{¶ 13} McKinzie appealed. He identifies the following error for our review:

> The trial court abused its discretion by misinterpreting and misapplying the Ohio Supreme Court's Admin. Tolling Order by adding on to the one-year time limit allowed under O.R.C. 3111.28 (which in the instant matter expired on April 4, 2021) the total tolling period days to arrive at a new limitation of action deadline exceeding past the emergency period.

## II. Law and Analysis

{¶ 14} McKinzie asserts one assignment of error, challenging only the purported misinterpretation and misapplication of the Ohio Supreme Court's March 27, 2020 Covid-19 tolling order and Am. Sub. H.B. 197. Fry responds that the trial court judgment is not a final and appealable order, McKinzie lacks standing to appeal, and McKinzie

challenges an error that did not occur. We begin by determining whether the trial court judgment is a final, appealable order.

{¶ 15} Fry argues that the September 9, 2021 judgment is not a final order because it decided only the issue of whether Fry was entitled to relief from the binding paternity acknowledgment. She insists that it did not decide the issues raised in McKinzie's complaint for allocation of parental rights and responsibilities, therefore, the judgment did not dispose of the whole case. Fry maintains that the trial court did not dispose of the whole case until November 5, 2021, when it dismissed McKinzie's complaint for lack of standing.

{¶ 16} Under R.C. 2505.02(B)(3), "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that vacates or sets aside a judgment or grants a new trial * * *." Fry obtained relief from the judgment of paternity via a Civ.R. 60(B) motion, which the trial court granted. An order granting a Civ.R. 60(B) motion to set aside judgment is a final, appealable order so long as the underlying judgment was final. *Anderson v. Schar*, 9th Dist. Wayne No. 97CA0004, 1997 WL 823970, *1 (Dec. 31, 1997), citing *S.Ohio Coal Co. v. Kidney*, 100 Ohio App.3d 661, 666, 654 N.E.2d 1017 (1995); *Genchur v. Walker*, 11th Dist. Trumbull No. 96-T-5612, 1997 WL 750827, *1 (Nov. 21, 1997). Here, Fry sought relief under Civ.R. 60(B) because the underlying acknowledgment of paternity

8.

had become final on April 4, 2021.  We conclude, therefore, that the trial court's September 9, 2021 judgment was final and appealable.

{¶ 17} Having said that, we agree with Fry that McKinzie challenges an error that did not occur.  Specifically, he claims that the trial court misinterpreted and misapplied the emergency tolling orders by adding 143 days to the R.C. 3111.28 one-year limitations period.  In fact, the trial court did *not* find that the limitations period for bringing an action under R.C. 3111.28 was tolled by the emergency tolling orders.

{¶ 18} The *magistrate* in his June 8, 2021 decision found that the limitations period for bringing an action to rescind the acknowledgment of paternity had been tolled for a period of 143 days, rendering Fry's action timely under R.C. 3111.28.  But the magistrate's decision was not a final order, and McKinzie moved to set it aside under Civ.R. 53(D)(2)(b).  Upon considering McKinzie's motion, the trial court agreed with McKinzie that the magistrate misapplied the emergency tolling orders when it found that Fry's action was timely under R.C. 3111.28.  Citing *Yost v. McNea,* 6th Dist. Erie No. E-20-014, 2021-Ohio-2145, ¶ 50, it explained that contrary to the magistrate's decision, the emergency tolling orders "toll[ed] only those time requirements that [we]re set to expire during the emergency period."  The court found that "because the April 4, 2021 timing deadline for [Fry] to bring an action to rescind the acknowledgment of paternity did not fall within the emergency period,"—March 9, 2020, to July 30, 2020—Fry "had only until [April 4, 2021] to bring the action, with no additional time added thereafter."

9.

{¶ 19} Despite agreeing with McKinzie that the magistrate misapplied the emergency tolling orders, the trial court vacated the paternity judgment under Civ.R. 60(B)(5). McKinzie did not raise the propriety of that decision on appeal, therefore, we are unable to review it. Reviewing the error assigned by McKinzie, we conclude that the trial court did not misinterpret or misapply the emergency tolling orders in its September 9, 2021 judgment.

{¶ 20} Accordingly, we find McKinzie's sole assignment of error not well-taken.

### III. Conclusion

{¶ 21} While the magistrate misapplied the Ohio Supreme Court's March 27, 2020 Covid-19 tolling order and Am. Sub. H.B. 197 to extend the one-year period within which Fry could bring an action to rescind the acknowledgment of paternity under R.C. 3111.28, the trial court did not. The trial court recognized the magistrate's error when it reviewed the magistrate's decision, and instead relied on Civ.R. 60(B)(5) to vacate the judgment of paternity. We, therefore, find McKinzie's sole assignment of error not well-taken.

{¶ 22} We affirm the September 9, 2021 judgment of the Lucas County Court of Common Pleas, Juvenile Division. McKinzie is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

10.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.