[Cite as *State v. Forrester*, 2023-Ohio-3025.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| ANTOINE L. FORRESTER | : | Case No. 2022-CA-00162 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Court of Common
                                 Pleas, Case No. 2022-CR-1013


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                August 28, 2023


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KYLE L. STONE                             ANTHONY KOUKOUTAS
PROSECUTING ATTORNEY                      116 Cleveland Avenue NW
                                          Suite 600
   BY: Christopher A. Piekarski           Canton, OH  44702
   110 Central Plaza South, Suite 510
   Canton, OH  44702-1413

*King, J.*

{¶ 1}   Defendant-Appellant Antoine L. Forrester appeals the September 20, 2022 judgment of the Stark County Court of Common Pleas which denied his motion to suppress. Plaintiff-Appellee is the state of Ohio.

Facts and Procedural History

{¶ 2}   On April 20, 2022, a shooting took place at a residence on Third Street Northwest in Canton, Ohio. Then 17-year-old Forrester was identified as a suspect and arrested the following day. He was transported to the Canton Police Department where he was questioned by Detectives Szaniszlo and Premier.

{¶ 3}   Before questioning took place, Detective Szaniszlo provided Forrester with his *Miranda* warnings. Relevant to this appeal, the following conversation took place:

> Szaniszlo: Okay. Alright, before we get started, okay, got to read you
>
> somethin', okay? Obviously here against your will. You don't want to
>
> be here, right?
>
> Forrester: No response.
>
> Szaniszlo: Alright. So I have to ask you some questions. I want your
>
> side of the story. Before I do that, I want you to know somethin'. It
>
> says I'm a police officer. I warn you anything you say be [sic] used in
>
> a court of law. You have the absolute right to remain silent. You have
>
> the right to the advice of a lawyer…the presence of a lawyer with
>
> [you] here during questioning. If you can't afford a lawyer, one will be

appointed or you free before any questions if you desire. You understand that?

Forrester: Yeah.

Szaniszlo: Okay. Like I said, I want your side of the story, okay? That's all I want. If you agree with that, I'm asking you to waive that. You know what that means?

Forrester: What?

Szaniszlo: It means I'm asking you to give that up and talk to me. You can always re-invoke if you wan…if you don't wanna do it anymore. Okay? You understand that? Can you read and write? Read that line for me.

Forrester: I have…I have the above Con…

Szaniszlo: Constitutional.

Forrester: Constitutional Rights read to me and I fully understand them and do…

Szaniszlo: Hereby.

Forrester: …and hereby waive these rights.

Szaniszlo: You understand what that means?

Forrester: What?

[Detective Premier interrupts]

Premier: Don't sign yet. Just listen to what he's saying.

Szaniszlo: It means that I'm asking you to give up those rights for now. Okay? I'm saying that you have these rights. They're always your rights. You understand that? You're cool with that?

[Forrester nodding his head up and down]

Forrester: Yeah I'm cool.

Szaniszlo: You understand what those rights mean to you?

Forrester: A little bit.

Szaniszlo: Do you have questions for me?

Forrester: Humm. [Forrester shaking his head side to side.]

Szaniszlo: Okay. Have you had your rights read to you before?

Forrester: Huh?

Szaniszlo: Have you had your rights read to you before?

[Forrester nodding his head up and down]

{¶ 4}   State's exhibit 1 (video of the interview) at 1:11, Defense exhibit A at 2-5, Judgment Entry, September 20, 2022 at 3-5.

{¶ 5}   Forrester made incriminating statements and was subsequently bound over from the juvenile court and charged as an adult. The June 15, 2022 indictment charged Forrester with complicity to aggravated burglary, complicity to felonious assault, complicity to commit murder, complicity to commit aggravated robbery, aggravated murder, murder, aggravated burglary, and felonious assault, all with attendant gun specifications.

{¶ 6}   On August 9, 2022, Forrester filed a motion to suppress arguing his waiver of his *Miranda* warnings was not knowingly, intelligently, and voluntarily made. A hearing was held on the matter on September 16, 2022. Detective Szaniszlo was the sole witness. The state played the video of Forrester's interview, and Forrester offered his exhibit A, the transcript of the video interview.

{¶ 7}   On September 20, 2022, the trial court issued its judgment overruling Forrester's motion, finding Forrester was properly advised of his rights, and voluntarily, knowingly, and intelligently waived his rights.

{¶ 8}   On November 15, 2022, Forrester entered pleas of no contest to each count of the indictment. The trial court found Forrester guilty, convicted him, and imposed a sentence of life with the possibility of parole after 20 years. The trial court additionally imposed a 3-year firearm specification and ordered Forrester to serve that sentence consecutive to his life sentence.

{¶ 9}   Forrester filed an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 10}   "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS."

{¶ 11}   In his sole assignment of error, Forrester argues the trial court erred when it denied his motion to suppress because he was not properly advised of his right to remain silent and therefore did not knowingly, intelligently, and voluntarily waive his *Miranda* rights. We disagree.

Applicable Law

{¶ 12} As stated by the Supreme Court of Ohio in *State v. Leak*, 145 Ohio St.3d 165, 2016-Ohio-154, 47 N.E.3d 821, ¶ 12:

"Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. In ruling on a motion to suppress, "the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992). On appeal, we "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accepting those facts as true, we must then "independently determine as a matter of law, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶ 13} As the United States Supreme Court held in Ornelas v. U.S., 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 94 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

{¶ 14} In *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966), the United States Supreme Court held a suspect must be notified of his/her constitutional rights to remain silent and to have counsel present during a custodial interrogation by the police.

Before the interrogation can begin, the suspect must make a knowing, intelligent, and voluntary waiver of those rights. If these procedural safeguards are not complied with, the confession may not be admitted at trial as evidence against the accused.  According to *Miranda* at 444:

> [T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.

{¶ 15} In addition, a suspect's decision to waive his rights "is made voluntarily absent evidence that his will was overborne and his capacity for self-determination was critically impaired because of coercive police conduct." *State v. Dailey*, 53 Ohio St.3d 88, 559 N.E.2d 459 (1990), paragraph two of the syllabus, following *Colorado v. Spring*, 479 U.S. 564, 574, 107 S.Ct. 851, 852-58, 93 L.Ed.2d 954 (1987). In determining voluntariness, we must look at the totality of the circumstances as set forth by the Supreme Court of Ohio in *State v. Edwards*, 49 Ohio St.2d 31, 358 N.E.2d 1051 (1976), paragraph two of the syllabus: "In deciding whether a defendant's confession is involuntarily induced, the court should consider the totality of the circumstances, including, the age, mentality, and prior criminal experience of the accused; the length,

intensity and frequency of the interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement."

Forrester's Arguments

{¶ 16} We must first address the state's argument that Forrester has waived the argument that he was not properly advised of his right to remain silent because he did not adequately raise the argument below. Upon review of Forrester's motion to suppress we find the issue was adequately raised. First, the right to remain silent is necessarily included in standard *Miranda* warnings and Forrester challenged whether he knowingly, voluntarily, and intelligently waived the entirety of his *Miranda* warnings. Second, the final sentence of Forrester's motion argues he was not properly advised of his right to remain silent. We therefore reject the state's forfeiture argument.

{¶ 17} The parties do not dispute that Forrester was in custody when questioned, and that *Miranda* warnings were therefore required. The parties also agree Forrester was 17-years-old at the time of the interview.

{¶ 18} Forrester was placed in a large interview room with Detectives Szaniszlo and Premier. Transcript of suppression hearing (T.) 11. He was provided with a written copy of his *Miranda* warnings and Szaniszlo went over the written warnings orally as outlined in our statement of facts. While Forrester was a juvenile when interviewed, he also had prior dealings with law enforcement and stated his rights had been read to him in the past. T. 13-14. There is no evidence to suggest the detectives mistreated, threatened, or induced Forrester in order to procure his waiver.

{¶ 19} Forrester argues, however, that he demonstrated difficulty understanding his waiver. He focuses on his response of "what?" when asked if he understood what it

meant to waive his constitutional rights, and his response of "a little bit" when again asked the same question. Forrester never alleged he was in any way mentally deficient. Further, as noted by the trial court, while Forrester stumbled over the pronunciation of a couple words while reading aloud, he did not appear confused. Asked if he had any questions regarding his rights, Forrester shook his head no and signed the waiver. State's exhibit 1, Defendant's exhibit A. The Supreme Court of Ohio has held that *Miranda* warnings were proper and the confession was voluntary where a suspect was advised of his *Miranda* rights but never asked for a further explanation of them. *State v. Foust*, 105 Ohio St.3d 137, 2004-Ohio-7006, 823 N.E.2d 836, at ¶ 71-72.

{¶ 20} Upon examination of the totality of the circumstances, we find the trial court did not err in finding Forrester understood and validly waived his *Miranda* rights.

{¶ 21} The sole assignment of error is overruled.

{¶ 22} The judgment of the Stark County Court of Common Pleas is affirmed.

By King, J.,

Gwin, P.J. and

Hoffman, J. concur.