[Cite as *Hettinger v. McDonald*, 2024-Ohio-368.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Wesley R. Hettinger, | : | |
| Plaintiff-Appellee, | : | No. 24AP-37 |
| | | (C.P.C. No. 22DR-158) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Lauren E. McDonald, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 2, 2024

**On motion:** *Carpenter Family Law LLC*, and *Kendra L. Carpenter; Dougherty, Hannerman & Piccin, LLC*, and *Douglas B. Dougherty*, for appellee.
*Trolinger Law Offices, LLC*, and *Christopher L. Trolinger,* for appellant.

ON MOTION TO DISMISS

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellee, Wesley R. Hettinger, moves this court to dismiss the appeal filed by defendant-appellant, Lauren E. McDonald. McDonald filed a memorandum contra to the motion to dismiss along with a request to delay consideration of this issue until after the parties submit merit briefs. As explained below, because the judgment entry appealed is not final and appealable, we grant Hettinger's motion.

{¶ 2} According to Hettinger's motion to dismiss, Hettinger filed a complaint on January 17, 2022 seeking a divorce from McDonald and custody of their minor child (Franklin C.P. No. 22DR-158). The trial court issued temporary orders relating to custody and parenting time and set the final hearing for October 10, 2023. By judgment entry dated

September 27, 2023, the trial court dismissed the case in its entirety because, contrary to the trial court's orders, the parties had not provided the court with trial notebooks.

{¶ 3} Hettinger filed a motion for relief from judgment to reinstate the case on October 4, 2023. At around the same time, McDonald initiated a new complaint for divorce (Franklin C.P. No. 23DR-3188). On December 12, 2023, the trial court held an oral hearing to consider Hettinger's motion for relief from judgment, and both parties attended the hearing and were represented by counsel. Hettinger asserts McDonald and her counsel did not object to the motion for relief from judgment.

{¶ 4} Following the hearing, on December 13, 2023, the trial court filed the judgment entry at issue here. "Having reviewed the parties' allegations, testimony and evidence," the trial court found that, "for good cause shown, the Decision and Entry filed September 27, 2023 [dismissing case No. 22DR-158] shall be vacated." (Dec. 13, 2023 Jgmt. Entry at 1.) The trial court thereby granted Hettinger's motion for Civ.R. 60(B) relief, reinstated case No. 22DR-158, scheduled a final contested trial for February 6 and 7, 2024 with a note that no continuances would be issued, and dismissed case No. 23DR-3188 (the case initiated by McDonald).

{¶ 5} According to Hettinger, on January 10, 2024, the trial court declined McDonald's request to continue the February 2024 trial. Two days later, McDonald filed the instant notice of appeal attempting to challenge the December 13, 2023 judgment entry.

{¶ 6} In the instant motion to dismiss, Hettinger argues the trial court's December 13, 2023 judgment entry is not a final appealable order as it does not dispose of all the issues in the divorce case or qualify under any of the provisions in R.C. 2505.02(B). We agree.

{¶ 7} Ohio's courts of appeals have jurisdiction "to review and affirm, modify, or reverse judgments or final orders." Article IV, Section 3(B)(2), Ohio Constitution. "A final order is one that 'dispos[es] of the whole case or some separate and distinct branch thereof.'" *Mill Creek Metro. Park Dist. Bd. of Commrs. v. Less*, 172 Ohio St.3d 24, 2023-Ohio-2332, ¶ 8, quoting *Lantsberry v. The Tilley Lamp Co.*, 27 Ohio St.2d 303, 306 (1971). "Generally, an order 'that leaves issues unresolved and contemplates further action is not a final, appealable order.'" *Less* at ¶ 8, quoting *VIL Laser Sys., L.L.C. v. Shiloh Indus., Inc.*, 119 Ohio St.3d 354, 2008-Ohio-3920, ¶ 8. If a trial court's order is not final and appealable,

a reviewing court has no jurisdiction to review the matter and the matter must be dismissed. *Less* at ¶ 8.

{¶ 8} "R.C. 2505.02 sets forth several types of final, appealable orders." *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, ¶ 5. The present appeal concerns a divorce action, which qualifies as a "special proceeding" for purposes of R.C. 2505.02. *Wilhelm- Kissinger* at ¶ 6, citing R.C. 2505.02(A)(2). Under R.C. 2505.02(B)(2), "[a]n order that affects a substantial right made in a special proceeding" constitutes a final appealable order. "Substantial right" means "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

{¶ 9} "An order *affects* a substantial right for the purposes of R.C. 2505.02(B)(2) only if an immediate appeal is necessary to protect the right effectively." (Emphasis added.) *Wilhelm-Kissinger* at ¶ 7, citing *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993) ("[A]ppellants must demonstrate that in the absence of immediate review of the order they will be denied effective relief in the future."). *In re Estate of Tewksbury*, 4th Dist. No. 05CA741, 2005-Ohio-7107, ¶ 10 ("It is not enough that an order merely restricts or limits that right. Rather, there must be virtually no future opportunity to provide relief from the allegedly prejudicial order.").

{¶ 10} Here, McDonald has not demonstrated that in the absence of immediate review of the December 13, 2023 judgment entry she will be denied effective relief in the future. As previously indicated, the trial court's entry reinstated the divorce proceedings prior to the final trial. In other words, "future relief is not foreclosed" to McDonald. *In re Estate of Smith*, 1st. Dist. No. C-190407, 2020-Ohio-3378, ¶ 11. We find that the trial court entry granting Hettinger's Civ.R. 60(B) motion for relief from judgment and to reinstate the case is not a final appealable order under R.C. 2505.02(B)(2). The same analysis precludes application of R.C. 2505.02(B)(1), which also concerns "an order that affects a substantial right" in the context of "an action that in effect determines the action and prevents a judgment."

{¶ 11} Moreover, although the entry appealed here purports to vacate the previous judgment of the court, R.C. 2505.02(B)(3) is also inapplicable on the facts of this case. Pursuant to R.C. 2505.02(B)(3), "[a]n order that vacates or sets aside a judgment or grants

a new trial" is a final appealable order. While an order granting a Civ.R. 60(B) motion to set aside judgment thus typically constitutes a final appealable order under R.C. 2505.02(B)(3), the general rule only applies if the judgment from which the movant seeks Civ.R. 60(B) relief is a final order itself. *McCracken v. Lee*, 10th Dist. No. 19AP-236, 2020-Ohio-3125, ¶ 18 ("[T]he order to which the Civ.R. 60(B) is directed and seeks relief from must first be a final, appealable order, and if it is not, then the judgment denying the Civ.R. 60(B) motion is not final."); *McKinzie v. Fry*, 6th Dist. No. L-21-1188, 2022-Ohio-2292, ¶ 16 ("An order granting a Civ.R. 60(B) motion to set aside judgment is a final, appealable order so long as the underlying judgment was final."); *PNC Bank v. Roemer*, 4th Dist. No. 15CA28, 2017-Ohio-9391, ¶ 16 (stating that although a trial court judgment on a Civ.R. 60(B) motion is typically a final appealable order, "[t]he underlying presumption * * * is that the judgment from which the movant seeks [Civ.R. 60(B)] relief is, in fact, a final order.").

{¶ 12} Here, the judgment from which Hettinger sought Civ.R. 60(B) relief is the trial court's dismissal of the divorce action due to the parties' failure to submit trial notebooks. McDonald argues that the underlying involuntary dismissal of the action here was a final appealable order due to the trial court's failure to provide notice to the parties, and, as a result R.C. 2505.02(B)(3) applies to the trial court's grant of the Civ.R. 60(B) motion to vacate. However, even if McDonald is correct that the parties here did not receive notice of the dismissal, R.C. 2505.02(B)(3) nevertheless does not apply in this divorce action.

{¶ 13} Pursuant to Civ.R. 75(P), "[n]otwithstanding Civ.R. 41, any dismissal of a divorce * * * action by a court or party, other than a denial on the merits, shall not operate as an adjudication of the merits or a bar to a subsequent filing of the action." A dismissal other than on the merits, i.e. a dismissal without prejudice, is generally not a final appealable order. *Natl. City Commerical Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, ¶ 8; *Smirz v. Smirz*, 9th Dist. No. 13CA010408, 2014-Ohio-3869, ¶ 10. This general rule stems from the parties' ability to refile the action. *Amos v. Van Aman*, 10th Dist. No. 19AP-164, 2019-Ohio-5324, ¶ 7, citing *Natl. City Commerical Capital Corp.* at ¶ 8.

{¶ 14} Thus, where the trial court dismisses an action, without prejudice, after having failed to provide notice of the trial court's intention to dismiss, that dismissal is not a final appealable order, at least without additional considerations demanding immediate review. *See e.g. Dues v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 08AP-943, 2009-Ohio-1668, ¶ 6-11 (finding trial court's order dismissing appellant's complaint without prejudice for failure to prosecute under Civ.R. 41(B)(1) to not be a final appealable order despite appellant's argument that the trial court erred in dismissing his action without providing him notice of its intent to dismiss); *Johnson v. H & M Auto Serv.*, 10th Dist. No. 07AP-123, 2007-Ohio-5794, ¶ 6-10 (finding trial court's order dismissing appellant's complaint without prejudice for failure to prosecute under Civ.R. 41(B)(1) to not be a final appeal order notwithstanding appellant's assignment of error asserting the trial court dismissed his action without notice); *George v. State*, 10th Dist. No. 10AP-4, 10AP-97, 2010-Ohio-5262, ¶ 9-17 (determining orders designated as without prejudice were nevertheless immediately appealable due the impediments to refiling).

{¶ 15} The case cited by McDonald to argue the contrary position, *McClain v. State*, 1st Dist. No. 180082, 2019-Ohio-1318, ¶ 4, involves a Civ.R. 60(B) appeal of a trial court's Civ.R. 41(B)(1) dismissal for failure to prosecute in a non-divorce action and without any indication that the dismissal was ordered without prejudice. As such, it is inapplicable to the present circumstances. Moreover, McDonald does not argue other exceptions are relevant in this case. *Compare Isreal v. G-Core Automotive Corp.*, 10th Dist. No. 13AP-201, 2013-Ohio-4461, ¶ 5 and *Smirz* at ¶ 16 (noting a dismissal without prejudice may be a final order in some circumstances, such as when the plaintiff cannot refile a lawsuit due to the lapse of the statute of limitations or, in a domestic case, where the impact cannot be rectified through equitable considerations in the refiled cause or motion).

{¶ 16} As a result, because the September 27, 2023 judgment entry of dismissal was not itself final and appealable, the instant Civ.R. 60(B) entry is likewise not a final appealable order. *McCaracken* at ¶ 19-21 (explaining that because a dismissal without prejudice is not a final appealable order, an order denying the Civ.R. 60(B) motion was also not final and appealable); *Straquadine v. Crowne Pointe Care Ctr.*, 10th Dist. No. 10AP-607, 2012-Ohio-1152, ¶ 11 (concluding trial court's Civ.R. 60(B) order was not final and

appealable since the underlying judgment entry dismissing the complaint was not itself a final appealable order). R.C. 2505.02(B)(3) does not apply.

{¶ 17} Accordingly, because the December 13, 2023 judgment entry reinstating the divorce is not final and appealable, this court lacks jurisdiction to consider the instant appeal and the matter must be dismissed. *Less* at ¶ 8. Hettinger's motion has merit and is granted. Hettinger's request for attorney fees related to McDonald's filing of the motion to dismiss is denied.

*Motion granted*; *appeal dismissed*.

MENTEL, P.J. and BOGGS, J., concur.

———————