[Cite as *State v. Forrester*, 2024-Ohio-5724.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ANTOINE L. FORRESTER, | : | Case No. 2024CA00045 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court
                            of Common Pleas, Case No. 2022-
                            CR-1013

JUDGMENT:                   Affirmed

DATE OF JUDGMENT:           December 6, 2024

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

KYLE L. STONE                          ANTOINE FORRESTER, *Pro Se*
Prosecuting Attorney                   #794-298
Stark County, Ohio                     Belmont Correctional Institution
                                       P.O. Box 540
By: CHRISTOPHER A. PICKARSKI           St. Clairsville, Ohio 43950
Assistant Prosecuting Attorney
Appellate Division
110 Central Plaza South, Ste. 510
Canton, Ohio 44702-1413

*Baldwin, J.*

**{¶1}** The appellant appeals the decision of the trial court denying his motion for post-conviction relief. Appellee is the State of Ohio.

**STATEMENT OF THE FACTS AND THE CASE**

**{¶2}** The appellant was owed $10.00 by the victim and believed that the victim had received a $2,000.00 tax refund.  On the morning of April 20, 2022, the appellant went to the victim's apartment with a Walther .380 pistol and his 15-year-old best friend to get his money back. The appellant and his friend kicked in the apartment door and entered the victim's home. The victim and two females were inside the apartment. The appellant demanded his money while pointing the gun at the victim's face, his finger on the trigger. The appellant then shot the victim in the face, and he and his friend fled.

**{¶3}** Law enforcement officers were called to the scene, and the victim was transported to the hospital where he was pronounced dead shortly after arrival. A single shell casing was found in the apartment. One of the female witnesses stated that she could identify the two juveniles responsible; she knew one of them as "Ty," and described the other as a "light skinned black male." Officers apprehended the 15 year-old soon thereafter, and he gave a statement admitting to both his and the appellant's involvement in the shooting. The police showed a photo array to the female witness, and she identified the appellant as the individual who shot the victim.

**{¶4}** The appellant was arrested by U.S. Marshals the following day while hiding in the attic of his home. A Walther .380 pistol was also located in the attic, and testing later confirmed that it matched the shell casing found in the victim's apartment. The appellant was transported to the Canton Police Department and given his Miranda rights.

The appellant agreed to waive his Miranda rights, signed a written waiver of those rights, and thereafter made incriminating statements to law enforcement officers.

{¶5}   The appellant, who was seventeen years old at the time he committed the offense, was charged and bound over to the Stark County Court of Common Pleas, General Division, to be tried as an adult. The Stark County Grand Jury issued an indictment charging the appellant with one count of aggravated murder in violation of R.C. 2903.01(B), an unclassified felony; one count of aggravated robbery in violation of R.C. 2911.01(A)(1) and (3), a felony of the first degree; one count of aggravated burglary in violation of R.C. 2911.11(A)(1) and (2), a felony of the first degree; one count of murder in violation of R.C. 2903.02(B), an unclassified felony; and, one count of felonious assault in violation of R.C. 2903.11(A)(1) and (2), a felony of the second degree. Each count was accompanied by a three-year firearm specification in violation of R.C. 2941.145(A). The appellant pleaded not guilty and was appointed counsel, who undertook investigation and discovery.

{¶6}   The appellant filed a motion to suppress, arguing that he was subjected to a custodial interrogation and that he did not knowingly, intelligently, and voluntarily waive his Miranda rights prior to making incriminating statements to the police. The trial court held a suppression hearing, and thereafter denied the motion. The appellant then withdrew his pleas of not guilty and entered pleas of no contest to all charges.

{¶7}   A plea and sentencing hearing took place. The appellee provided a recitation of the facts, after which the trial court found the appellant guilty on all charges and sentenced him to an indefinite term of twenty years to life in prison for aggravated murder, to be served consecutively to a three-year mandatory prison term for the

attendant firearm specification, and further classified him as a violent offender. The trial court found that all remaining charges and specifications merged for purposes of sentencing.

**{¶8}** The appellant was appointed appellate counsel and appealed from the trial court's denial of his motion to suppress. This Court affirmed the trial court's decision in *State v. Forrester*, 2023-Ohio-3025 (5th Dist.). The appellant thereafter filed several motions and applications with this Court, all of which were denied. He appealed two of those denials to the Ohio Supreme Court, which declined jurisdiction in both matters. See, *State v. Forrester*, 2024-Ohio-0313; and, *State v. Forrester*, 2024-Ohio-0368.

**{¶9}** On October 16, 2023, the appellant filed a "Petition to Vacate or Set Aside Judgment of Conviction and Sentence" with the trial court, which was essentially a petition for postconviction relief, together with the "Sworn Affidavit of Antoine L. Forrester" in support of the Petition. The appellee filed a Response in Opposition to the appellant's Petition on November 16, 2023, and the appellant filed a Reply Brief in Support on December 14, 2023. On February 8, 2024, the trial court issued a Judgment Entry in which it denied the Petition without a hearing, finding that the appellant's Affidavit was both self-serving and offered only conclusory statements, and that his claims were barred by res judicata.

**{¶10}** The appellant filed a timely appeal, and sets forth the following nine assignments of error:

**{¶11}** "I. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN ISSUING INADEQUATE AND ERRONEOUS FINDINGS OF FACT AND CONCLUSIONS OF LAW THAT DOES NOT CONFORM TO THE REQUIREMENTS OF

R.C. 2953.21(H). THE FINDINGS DOES NOT SPECIFY WHICH CLAIMS WERE BARRED BY RES JUDICATA OR WHAT PARTS OF THE RECORD WERE FOUND TO HAVE ESTABLISHED THE BAR AND DOES NOT ADDRESS THE MATERIAL AND DETERMINATIVE ISSUES PRESENTED BY THE PETITIONER."

{¶12} "II. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE SUPPRESSION HEARING WHERE COUNSEL FAILED TO INVESTIGATE, OBTAIN, AND PRESENT EVIDENCE CONTAINED IN THE JUVENILE COURT RECORD RELATING TO APPELLANT'S INCOMPETENCY DUE TO HIS HISTORY OF MENTAL ILLNESS AND/OR HIS INTELLECTUAL DISABILITIES, HIS EDUCATION, HIS BACKGROUND, AND HIS INTELLIGENCE, WHICH COULD HAVE BEEN USED TO CHALLENGE THE MIRANDA WAIVER AND THE INCRIMINATING STATEMENTS AS NOT BEING KNOWINGLY INTELLIGENTLY, OR VOLUNTAIRLY [SIC] GIVEN."

{¶13} "III. THE STATE COMMITTED BRADY VIOLATIONS DURING THE SUPPRESSION HEARING WHEN IT FAILED TO DISCLOSE EVIDENCE OF APPELLANT'S INCOMPETENCY BASED ON HIS HISTORY OF MENTAL ILLNESS AND INTELLECTUAL DISABILITIES INABILITY TO READ, WRITE, AND COMPREHEND."

{¶14} "IV. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE BINDOVER PROCEEDINGS WHERE COUNSEL FAILED TO REQUEST FOR A COMPLETE MENTAL EXAMINATION OR A COMPETENCY EVALUATION WHERE THERE IS EVIDENCE IN THE RECORD TO SUPPORT SUCH REQUEST."

{¶15} "V. THE JUVENILE COURT ABUSED ITS DISCRETION BY DISREGARDING UNREFUTTED [SIC] EVIDENCE, ENGAGING IN AN ARBITRARY ANALYSIS OF THE FACTS AND LAW, AND GRANTING THE STATE'S MOTION TO TRANSFER APPELLANT'S CASE TO ADULT COURT, IN VIOLATION OF R.C. 2152.12(B) AND DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

{¶16} "VI. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE BINDOVER PROCEEDINGS WHERE COUNSEL FAILED TO ENSURE THAT THE STATE PROVIDED FULL DISCOVERY OF APPELLANT'S JUVENILE RECORDS, WHICH INCLUDES BUT NOT LIMITED TO, ALL PREVIOUS AND CURRENT MENTAL HEALTH DIAGNOSIS, PROGNOSIS, TREATMENTS, EXAMINATIONS, HIS JUVENILE ADJUDICATIONS, HIS EDUCATION, AND HIS INTELLIGENCE. THUS, COUNSEL WAS INEFFECTIVE BY FAILING TO OBJECT TO THE LACK OF COMPLETE DISCOVERY, OR BY FAILING TO REQUEST A CONTINUANCE OF THE HEARING TO OBTAIN FULL DISCOVERY."

{¶17} "VII. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE BINDOVER PROCEEDINGS WHERE DURING THE PROBABLE CAUSE HEARING COUNSEL FAILED TO OBJECT TO THE JUVENILE COURT'S FINDING OF PROBABLE CAUSE WHEN THE STATE FAILED TO PROVIDE SUFFICIENT CREDIBLE EVIDENCE OF EVERY ELEMENT OF THE OFFENSES."

{¶18} "VIII. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL DURING THE BINDOVER PROBABLE CAUSE HEARING WHERE

COUNSEL FAILED TO OBJECT TO THE JUVENILE COURT'S FAILURE TO APPLY THE STANDARD SET FORTH IN THE RELEVANT SUPREME COURT PRECEDENT IN FARE V. MICHAEL C., 442 U.S. 707, 61 L ED. 2D 197, 99 S. CT. 2560 IN DETERMINING WHETHER THE JUVENILE CONFESSION WAS VALID.

{¶19} "IX. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL DURING THE JUVENILE PROCEEDINGS WHERE COUNSEL FAILED TO MOVE THE JUVENILE COURT DURING THE AMENABILITY HEARING TO ORDER AN INVESTIGATION INTO APPELLANT'S HISTORY, EDUCATION, MENTAL STATE, FAMILY SITUATION, AND ANY OTHER FACTOR BEARING ON WHETHER THE CHILD IS AMENDABLE TO JUVENILE REHABILITATION, AS MANDATED PURSUANT TO R.C. 2152.12(B) TO DETERMINE WHETHER APPELLANT WAS AMENABLE TO REHABILITATION IN THE JUVENILE SYSTEM.

### APPLICABLE LAW

{¶20} Petitions for post-conviction relief are governed by R.C. 2953.21, which provides in pertinent part:

(A)(1)(a) A person in any of the following categories may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief:

(i) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or

voidable under the Ohio Constitution or the Constitution of the United States;

**{¶21}** When a defendant files a post-conviction petition pursuant to R.C. 2953.21, the trial court must grant an evidentiary hearing unless it determines that the files and records of the case show the petitioner is not entitled to relief. R.C. 2953.21(F). A trial court may also dismiss a petition for post-conviction relief without holding a hearing when the doctrine of res judicata bars the claims raised in the petition. *State v. Szefcyk*, 1996-Ohio-337 at p. 96. Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *Id.* at 95. *State v. Weaver*, 2018-Ohio-2509, ¶17 (5th Dist.), appeal not allowed, *State v. Weaver*, 2018-Ohio-4285.

**{¶22}** A trial court's decision to deny a petition for post-conviction relief without holding an evidentiary hearing is within the sound discretion of the trial court. *State v. King*, 2020-Ohio-1373, ¶8 (5th Dist.), citing *State v. McKelton*, 2015-Ohio-4228 (12th Dist.). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Ent., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue de novo, would

not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

**{¶23}** Additionally, a petitioner must support his claims with evidentiary-quality documents. The Ohio Supreme Court of Ohio addressed this issue in *State v. Jackson*, 64 Ohio St.2d 107 (1980), stating:

> Before a hearing is granted, the petitioner bears the initial burden in a post-conviction proceeding to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness.
>
> Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing. See *Rivera v. United States* (C.A. 9, 1963), 318 F.2d 606.

*Id.* at 111.

**{¶24}** It is within the purview of the trial court to judge the credibility of any affidavits presented. *State v. Calhoun*, 86 Ohio St.3d 279, 284 (1999). In assessing the credibility of an affidavit, a trial court should consider relevant factors including "whether the judge reviewing the postconviction relief petition also presided at the trial." *Id.* at 285, citing *State v. Moore*, 99 Ohio App.3d 748 (1st Dist.1994).

**{¶25}** To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell

below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

**{¶26}** Because there are countless ways to provide effective assistance in any given case, judicial scrutiny of a lawyer's performance must be highly deferential. *Strickland*, at 694. "Decisions on strategy and trial tactics are granted wide latitude of professional judgment, and it is not the duty of a reviewing court to analyze trial counsel's legal tactics and maneuvers." *State v. Quinones*, 2014-Ohio-5544, ¶ 18 (8th Dist.).

## ANALYSIS

**{¶27}** For ease of analysis, we address the appellant's assignments of error out of order.

### *Assignments of Error Numbers Two through Nine*

**{¶28}** The appellant argues in assignments of error numbers two through nine that his counsel was ineffective in connection with the juvenile bindover proceedings and the suppression hearing. As set forth above, in order to prevail on an ineffective assistance of counsel argument the appellant must establish both that his trial counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of an essential duty to the appellant, and that he was prejudiced by the alleged ineffectiveness. However, such claims are still subject to the doctrine of res judicata.

**{¶29}** The issues of which the appellant complains in assignments of error numbers two through nine existed at the time of his plea and sentence. He therefore could have raised these issues in a direct appeal. As the Ohio Supreme Court has held:

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. Because the appellant could have raised his complaints in a direct appeal and failed to do so, the trial court did not err in finding them barred by the doctrine of res judicata and denying his petition without a hearing.

**{¶30}** In addition, the trial court committed no error because the appellant failed to support his petition with evidentiary-quality documents. Before a petitioner can be granted a hearing in proceedings for post-conviction relief upon a claim of ineffective assistance of trial counsel, the petitioner bears the initial burden to submit evidentiary quality materials containing sufficient operative facts which demonstrate a substantial violation of any of trial counsel's essential duties, in addition to prejudice arising from that ineffectiveness. *State v. Church*, 2018-Ohio-368 (5th Dist.), citing *State v. Calhoun*, 86 Ohio St.3d 279 (1999). The failure to present essential operative facts in supporting evidentiary-quality materials warrants dismissal of the petition for post-conviction relief without a hearing. *State v. Murphy*, 1987 WL 19835 (5th Dist., Oct. 29, 1987).

**{¶31}** The appellant's supporting documentation consisted only of his own self-serving affidavit. A petitioner's self-serving affidavit generally does not meet his required minimum level of cogency. *State v. Kapper,* 5 Ohio St.3d 36 (1983). The appellant's affidavit failed to demonstrate a substantial violation of his counsel's essential duty, nor did it demonstrate prejudice arising from any alleged ineffectiveness. Accordingly, assignments of error numbers two through nine are overruled.

### *Assignment of Error Number One*

**{¶32}** The appellant argues in his first assignment of error that the trial court erred because it failed to issue adequate and correct findings of fact and conclusions of law that conform to the requirements of R.C. 2953.21(H). We disagree.

**{¶33}** R.C. 2953.21(H) provides in pertinent part:

(H) If the court does not find grounds for granting relief, it shall make and

file findings of fact and conclusions of law and shall enter judgment denying

relief on the petition. If the petition was filed by a person who has been

sentenced to death, the findings of fact and conclusions of law shall state

specifically the reasons for the denial of relief on the petition and of each

claim it contains….

The trial court set forth general findings of fact and conclusions of law in its February 8, 2024, Judgment Entry when it summarized the case history, set forth the applicable law, and held:

… the Court finds that Forrester has failed to set forth sufficient operative

facts to establish substantive rounds for relief. As such, the Court finds that

Forrester is not entitled to an evidentiary hearing on the instant petition.

Further, upon review of the evidence and arguments submitted by Forrester, the Court finds that he has failed to demonstrate that there was denial or infringement upon his Constitutional rights so as to warrant the relief sought.

**{¶34}** While the trial court did not use specific headings entitled "findings of fact" and "conclusions of law," the February 8, 2024, Judgment Entry did in fact contain the requisite information and analysis. Moreover, the trial court was not required to separately state with specificity the reasons for its denial as to each and every one of the claims contained in the appellant's Petition; such specificity is only required in cases where the petitioner has been sentenced to death, and the appellant herein was not. Furthermore, assuming arguendo that the trial court erred in failing to utilize specific "findings of fact" and "conclusions of law" headings in its Judgment Entry, any such error was harmless. Crim.R. 52(A) defines harmless error in the context of criminal cases and provides: "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." The fact that the trial court did not utilize specific "findings of fact" and "conclusions of law" headings in its Judgment Entry does not affect the appellant's substantial rights, particularly when the Entry contained the necessary analysis in support of the court's denial of his Petition. Accordingly, the appellant's assignment of error number one is overruled.

## CONCLUSION

**{¶35}** Based upon the foregoing, we find that the appellant's claims are barred by the doctrine of res judicata. Furthermore, even if they were not, the affidavits, documentary evidence, files, and records do not demonstrate that the appellant set forth

sufficient operative facts to establish substantive grounds for the relief sought. Accordingly, the trial court properly denied the appellant's petition for post-conviction relief without holding an evidentiary hearing. The appellant's assignments of error are therefore overruled, and the judgment of the Stark County Court of Common Pleas is hereby affirmed.

By: Baldwin, J.

Delaney, P.J. and

Hoffman, J. concur.